## GUSTAVUS TAYLOR *v.* WILLIAM H. TAYLOR.

A father having devised his real estate, after his wife's decease, in equal parts
to his five children, the devises to three of them being [made directly to them
and their heirs, and the devisees to the two others (one of whom was G. T.)
being made to W. N. T., for the use and benefit of them and their heirs; *held,*
that it was the intention of the testator that the two last named children
should take equitable estates, the legal title of said estates vesting in the de-
fendant, and that, consequently, the legal estate would not be taken out of
defendant by the execution of the uses contrary to the testator's intention.

Held, further, that G. T. having in himself the equitable or beneficial estate,
was entitled to a conveyance of the legal estate, unless there was some reason
for its retention by the trustee, and was entitled to have it conveyed to him,
the defendant's liens thereon, if any, being duly discharged, notwithstanding
the power conferred upon the defendant by the will, to appoint a successor by
will or otherwise, for the support of the trust, or to convey to the plaintiff or
his heirs, the estate, when he might think proper.

BILL IN EQUITY, to compel the respondent to release or con-
vey to the complainant certain real estate held by the respon-
dent in trust, under the will of John Taylor, late of Providence,
deceased, the father of both complainant and respondent, who
are half brothers.

The cause was heard upon the bill and answer, and from these it appeared, that the said John Taylor made his last will and testament June 24th, 1859, and died on the 30th of June, 1869. By the first clause of his will, he devised all his real estate to his wife, Mrs. Ruth Ann Taylor, for life. She survived him, but died on the 10th day of May, 1867. By the third clause of his will, he made the following disposition of his real estate, to take effect after the death of his wife.

"Item. I give and bequeath, after the decease of my said wife, unto my son, William Henry Taylor, and his heirs, one-fifth·part of my said real estate ; unto my said daughter, and her heirs, one fifth part of my said real estate; unto my said son William Henry, in trust, to and for the use and benefit of my son Gustavus Taylor, and his heirs, one-fifth part of my said real estate ; unto my said son William Henry, for the use and benefit of my son Alexander Viets Griswold Taylor, and his heirs, one fifth part of my said real estate; and unto my son ·John DeWitt Taylor and his heirs, one fifth part of my said real estate ; with power unto my said son William Henry, to appoint a successor by will or otherwise for the support of said trusts, or to convey unto the said Gustavus or his heirs, or to the said Alexander or his heirs, one-fifth part of said estate when he may think proper."

The complainant in his bill claimed, first, that he was the absolute legal owner in fee simple of the estate thus devised by the above stated clause of John Taylor's will to the said William Henry in trust for him, and that by the true, proper, and legal construction of said clause, he should be decreed to be so entitled ; and that he was entitled to a release of the estate from the defendant, to remove the apparent cloud thereon created by the peculiar language of the will ; or, second, that at least he was unquestionably the sole equitable tenant in fee simple of the one-fifth part of the real estate devised by the above stated clause of said will, and that being so, and there being no express or active trusts created or declared by said clause, he was entitled to a conveyance of the legal title.

The respondent, in his answer, claimed the right, under the

will, of said John Taylor, to hold and manage the trust estate until such time as, pursuant to the directions of the will, he should, in his discretion, think proper to release or convey the same to the complainant or his heirs. He also claimed that he had, in various ways, in the discharge of his trust, expended large sums of money in the improvements of said estate, and also that he had equitable liens thereon, which exceeded, by a large amount, any income that he had derived from said estate.

*James Tillinghast and Parsons for the complainant.*

1. The complainant is the absolute, legal owner in fee simple of the one-fifth part of the real estate devised in and by the third clause of the will of John Taylor, and the defendant should be decreed to release the estate and thereby to remove the apparent cloud on the title of the complainant created by the language of the will. *a.* It is a well established legal principle, that the fee of an estate devised, transferred or conveyed by any instrument must be *in sombody.* It is a principle equally familiar, that there are certain words which are always held to carry to a devisee or grantee an estate in fee simple. In whom then, by the language of this clause, is the fee in one-fifth of the estate devised by the third clause of this will. To whom is the estate devised with the apt words which carry an estate in fee simple : "Unto my said son William Henry in trust, to and for the use and benefit of my son Gustavus Taylor and his heirs, *    *    * with power to my said son William Henry, to appoint a successor by will or otherwise for the support of said trust, or to convey unto the said Gustavus or his heirs *    *    * one-fifth part of said estate when he may think proper." Has William H. Taylor any fee in this estate ? The conveyance is not to him as trustee *and his heirs.* By the power of appointment at the end of the clause he may name a successor, but the estate is not devised to the heirs of that successor. The trust, (if indeed it can be held that any valid, effective, operative, existing trust is created here,) would cease when the successor died ; in any event it would cease when the defendant died, should he fail to appoint a successor by deed while he lived, or by will at his death. Yet the only words carrying the fee relate

to the interest in the estate of Gustavus Taylor, the complainant. When, by the very terms of the instrument attempting to create a trust, such trust can exist only during the life of one person, no estate in fee being devised to him as trustee, the very trust itself depending on a power which he may or may not exercise, he also to hold the estate for the use and benefit of the *cestui* named and his heirs, there is no trust created, which can defeat the legal estate and title in fee of the *cestui.* The law as already stated, says the fee must always rest *somewhere, and be in some person,* and also an estate in fee is always and only created by the use of particular words. Where do these words occur in this clause? The estate is devised *not in fee* to W. H. Taylor, but in trust for the use and benefit " of my son Gustavus Taylor and his heirs." Here, then, is the party holding the beneficial interest, here, and here only, and as applied to him, are used the words which carry the fee. It seems very plain, especially when we consider that this is a trust wholly dry and naked, with nothing expressly declared or directed, with no fee devised to the trustee ; that the court, applying the simple rules of construction which have been sanctioned and established here as elsewhere, should declare that the legal absolute fee simple of this one fifth part is in the complainant, and that the apparent cloud created by the peculiarly inartificial language of this clause should be released by the defendant. *b.* But even if the devise had been to W. H. Taylor and his heirs to hold for the use and benefit of Gustavus Taylor and his heirs, then the legal estate would have vested in the *cestui que use.* Hill on Trustees, (2 Am. Ed.) 235–236, and note on page 235 and cases cited ; see also *Moore* v. *Shultz,* 13 Penn. (1 Harris,) 101. The statute of uses here would have executed the use in the case at bar, even had the devise been to the trustee and his heirs, A *fortiori,* the legal estate is in Gustavus Taylor since the fee of the estate passes to him by the very language of the will, and is not in any manner devised to any other person. See also *Hayes* v. *Taber,* 41 N. H. 521–526 ; *Ralston* v. *Walor,* 44 Penn. (8 Wright,) 279, 287 ; *McNish* v. *Guerrard,* 4 Strobhart Eq., 66–77.

II. The complainant is at least the sole equitable tenant in fee

simple of one fifth part of the real estate devised in and by the third clause of this will, and he is as such entitled to a conveyance of the legal title held by the defendant. *Barford* v. *Street*, 16 Vesey, 135. Is the "whole equitable fee" in the case at bar in Gustavus Taylor? Most plainly and manifestly we submit that it is. The consequence is then, that Wm. H. Taylor, the defendant, must convey the legal fee. See also *Irvin* v. *Farrer*, 19 Vesey, 86, and on this subject generally, *Spence* v. *Spence*, 12 C. B. (N. S.) 199; *Wilder* v. *Ireland*, 8 Jones, 85. This point has received the direct adjudication of this court in *Eaton* v. *Tillinghast, Trustee, et al.*, 4 R. I. 277, which case decided and affirmed the principle for which we contend. See also *Ives, Trustee*, v. *Harris*, 7 R. I., 413, (426); *Nightingale*, v. *Hidden*, 7 R. I., 118. If not the owner of the legal estate, the complainant is the owner of the equitable fee; he has the sole beneficial interest in the property, and the trustee must convey to him the legal estate.

*Eames and John T. Pitman, for the respondent* :—

I. As to the construction of the will, the intention of testator controls. The creation, execution and destruction of powers all depend on the substantial intention of the parties; and they are construed equitably and liberally in furtherance of that intention. Kent IV. (*319.) The law requires every sentence and word in a will to be considered in forming a judicial opinion upon it. *Storer* v. *Barr's appeal*, 1 Barr, 428; *Fogg* v. *Clark*, 1 N. H. 163; when irreconcilable, last words to prevail; *Derby* v. *Derby*, 4 R. I. 419. The intention is deemed the fundamental rule in its construction. *Riddle* v. *Riddle*, 3 Binney, 149; also, *Roach* v. *Wadham*, 3 East. 402; *Metcalf* v. *Cook*, 2 R. I. 365; *Hall* v. *Hall*, 27 N. H. 275. The intention is to be ascertained—1. From the will itself. See citation above, 2 Barr, 428. The gifts in a will are a mere bounty, and are themselves the only guide in the construction of their terms. If, therefore, technical words are used, and *are not modified or explained by the context*, it seems that the trusts, whether executory or not, must be construed in accordance with their technical sense. But in case of an executory trust,

the intention so to modify them may be collected from slighter indications than would be sufficient in that of an executed one. Adams' Equity, (*41.) If an estate be devised to A for the benefit of B, the courts will execute the use in A or B, as the testator's intention shall clearly indicate, for the intention controls every such question. Kent IV. 323. 2. By extrinsic evidence. I. Redfield on Wills, 638–639, § 42; 567–8, 598–9, § 41. The will may be read by the light of surrounding circumstances, in order to see how the language shall be applied, and in this collateral particular to learn the intent and meaning of the testator. *Spencer* v. *Higgins*, 22 Conn. 525. To aid in ascertaining the true construction of the will, evidence may be received of any facts known to the testator which may reasonably be supposed to have influenced him in the disposition of his property; and as to all the surrounding circumstances at the time of making the will. *Wootton* v. *Redd, Ex., et al.*, 12 Gratt. 205–6; *Weatherhead, lessee,* v. *Barkeville, et al.*, 11 How. 528–9; *Rewalt* v. *Ulrich*, 23 Penn. St. 391; *Perry* v. *Hunter*, 2 R. I. 80. The answer states the following facts, which must be considered by the court in ascertaining the intent of the testator: The complainant borrowed money of testator and left for California about the 20th of April, 1849; did not return to this State until after the death of the testator. That he did not repay the loan. That the testator heard from him but seldom, and never as to his habits or pecuniary condition. From these facts alone the testator had reason to consider and determine that the safest course was to leave his share of the estate in trust, until such time as the respondent should think proper to convey the estate to the complainant.

II. As to the complainant's title under the will. 1. Under the true, proper and legal construction of the said third clause of said will the complainant is not the absolute owner in fee simple of the estate claimed. *Fogg* v. *Clark*, 1 N. H. 163; Hill on Trustees, *235, *232, *239, *241; Ibid. *232; *Brewster* v. *Striker*, 2 Comstock 19; *Doe* v. *Cafe*, 11 Eng. L. and Eq. 579; *Malor* v. *Leonard*, 12 Pick. 157; *Upham* v. *Varney*, 15 N. H. 462; *Morton* v. *Bennett*, 22 Maine, 263; *Mott* v. *Buxton*, 7 Ves. 201;

*Player* v. *Nichols*, 1 B & C, 336 ; *Glover* v. *Brownton*, 3 Bing. 13 ; *Braman* v. *Ellis*, 2 Pick. 460 ; *Ayer* v. *Ayer*, 16 Pick. 327 ; *Norton* v. *Norton*, 2 Sandf. 297 ; 2 Coms'k 297 ; 1 Barb. Ch. 329 ; *Striker* v. *Mott*, 2 Paige, 387 ; *Doe d. Booth* v. *Field*, 2 B. & Ald. 556 ; II Redfield on Wills, 500, which cites *Doe d. Shelley* v. *Elder*, 4 Adol. and Ellis, 582. 2. By the terms of said clause, there are express or active trusts created or declared, which are executory in their nature. Where directions are given for the execution of some future conveyance or settlement of trust property, but the particular limitations are not fully or accurately specified, this is an executory trust, and in carrying such a trust into execution regard must be had to the general intention rather than to the technical import of any particular expressions used. Hill on Trustees, (*328.) " The distinction between trusts *executed* and executory is this : A trust executed is where the party has given complete directions for settling his estate with perfect limitations. An executory trust, where the directions are incomplete and are rather minutes or instructions for the settlement. *Nevers* v. *Scott,* 9 How. 211. When the legal title is placed in a trustee with absolute directions to convey it to the beneficiary, or to convey it at a certain time, the trust is executory, though the trustee has only to make the conveyance." Fearne 114 to 121. *Perry* v. *Williamson,* 11 B. Munroe (Ky.) 259–260. 3. The trust is not only executory in its character, but its continuance depends upon the discretion of the trustee. "As a court of equity will not in general assume the exercise of a discretionary power vested in trustees, so it will not interfere to control the trustees acting *bona fide* in the exercise of their discretion. Nor will a suit be entertained to compel the trustees to exercise their power. And the refusal of a trustee to exercise a purely discretionary power is not a breach of trust for which he can be removed from his office, although the trustee assigns no conclusive reason for the refusal, and the proposed act is apparently beneficial to the trust estate." Hill on Trustees, *488, *490, *495 ; 2 Mad. 162 ; *Arnold* v. *Gilbert*, 3 Sanford Ch. 556 ; *Mason* v. *Mason,* 4 do. 623 ; *Prendergrast* v.

*Prendergrast,* 3 Eng. L. & Eq. 1 ; *Alleyn* v. *Belcher,* 1 Lead. Cases in Eq. (1 Am. Ed.) 303 ; *Jackson* v. *Vieder,* 11 Johnson, 169–71 ; *Town of Sharon* v. *Simmons,* 30 Vermont, 459 ; *Hawes* v. *Hawes,* 5 Cush. 457 ; Com. Dig. Chancery (4 W.) 174 ; 1 Redfield on Wills, 718–19 ; *Harper* v. *Phillips,* 21 Conn. 271 ; *Belote* v. *White,* 2 Head (Tenn.) 703 ; *Bull* v. *Bull,* 8 Conn. 51 ; 2 Ves. 87 ; *Longmore* v. *Brook,* 7 Ves. 124 ; *Downer* v. *Downer,* 9 Vt. 231 ; *Morton* v. *Southgate,* 28 Maine 41–45 ; also Redfield on Wills, \*710–712 ; *Gilbert* v. *Bennett,* 10 Sim. 371.

III. Whatever the decision of the court may be upon the above points, the respondent has certain liens upon the trust estate, which, from his relation to the *cestui que trust* as trustee, from privity of estate or otherwise, are in the nature of implied trusts, and these must first be satisfied before the trust can determine. 1. As executor upon the estate of the testator for the note given by the complainant. 2. For disbursements for improvements and repairs of the general estate. 3. For amount paid for mortgages on general estate as trustee, co-heir or co-tenant. 4. For amount advanced to complainant by respondent as trustee, or on the credit of the trust estate ; 5. For amount expended by estate through life tenant for complainant. As to the duties of trustees, see Story Eq. Juris., §§ 1268, 1269, 1276. As to liability of estate to respondent as trustee, see Story Eq. Juris., § 64 *c.* ; Kent IV. 338, note *b.* ; *Quack* v. *Leonard,* 9 Paige, 334 ; Hill on Trustees, (\*539) (\*571.) ; *Putnam* v. *Ritchie,* 6 Paige Rep. 390, 404. As to liability of estate to respondent as *co-tenant* or joint owner, see Kent IV., 338, note *b ;* Story Eq. Juris., §§ 655, 799 *a,* 1234, 1236, 1237 ; *Swan* v. *Swan,* 8 Price 518 ; *Conklin* v. *Conklin,* 3 Sanf'd Ch. 61 ; *Greene* v. *Putnam,* 1 Barb. 500 ; U. S. Dig. 1865, p. 507, § 57 ; *Robles* v. *Chis,* 25 Cal. 317 ; *Scott* v. *Nesbitt,* 14 Ves. 444.

DURFEE, J. We think it was the intention of the late John Taylor, deducible from the clause of his will, to which our attention has been called, that the legal estate of the one-fifth part of the real estate, which was devised to this defendant, in trust for the plaintiff and his heirs, should vest in the defendant, without being executed by the Statute of Uses. He devises

his real estate, after the decease of his wife, in equal parts to his five children. The devises in favor of the two children first mentioned, and to the son last named in the clause, are made directly to them and their heirs; the devises in favor of the two other children, one of whom is the plaintiff, are made to the defendant for the use and benefit of them and their heirs. We cannot suppose the testator would have so varied his language, if he had not intended a difference of effect in consequence of the variation, to wit: that the three children to whom the devises are directly made, should take legal estates, and the two other children equitable estates, the legal estates remaining unexecuted in the defendant. And this view is confirmed by the power which is conferred upon the defendant by the same clause, for said power is strictly consistent only with an intention that the legal title of the estates to which it relates should vest in the defendant.

Such being the intention of the testator, the legal estate will not be taken out of the defendant by the execution of the uses contrary to that intention. 1 Greenlf. Cr. 384 n. 1.; *Gregory* v. *Henderson*, 4 Taunt. 772; *Mott* v. *Buxton*, 7 Ves. 201.

But though the defendant has, in our opinion, the legal estate, the plaintiff has in himself the entire equitable or beneficial estate, and this entitles him to a conveyance of the legal estate, unless there is some sufficient reason for its retention by the trustee. The ground on which the defendant claims a right to retain is, that the power which is conferred upon him to appoint a successor, by will or otherwise, for the support of the trust, or to convey to the plaintiff, or his heirs, the estate when he may think proper, invests him with a discretion which the court will not undertake to control. We think, however, that the defendant is not, by virtue of any discretion which he has under this power, exempt from the control of the court, if he unreasonably or improperly refuses to convey the legal estate to the *cestui que trust*, when requested so to do.

The defendant is not charged with any active trust or duty in the management or disposition of the estate which calls for a retention of the legal title; the plaintiff is *sui juris*, and has,

so far as we can see, complete power to deal with the equitable estate as he may think proper. We can, therefore, conceive of no good or satisfactory reason why he should not, if he desires it, have the legal estate conveyed to him, the defendant's liens thereon, if any he have, being duly discharged. Under such circumstances, we think it unreasonable for the defendant to refuse to convey, and that we ought, the charges of the defendant upon the estate being first properly adjusted and settled, to require him to convey the legal title thereof to the plaintiff.

*Decree accordingly.*