The opinion given in this case at the October Term, A.D. 1885, 15 R.I. 204, 205 sq., rested upon three points:
First, that Alexander Taylor, Jun., inherited an equitable estate from his father in the land referred to in the bill.
Second, that the conveyance of the legal estate to him was not a gift or devise from the testator, his grandfather, nor a gift from the trustee, his uncle. *Page 177 
 Third, that the legal title was the controlling title in determining the descent, where the equitable estate had merged in the legal.
The first point is not disputed. As to the second, we must reiterate that Alexander, Jun., took nothing under the will. Certainly not by devise, for the will, in terms, gave him nothing. An equitable fee was given to his father, and this he inherited. He then got the legal estate from the trustee by virtue of his inheritance of the equitable estate, which was a right existing outside and independent of the will. If a stranger had bought the equitable fee of Alexander, Sen., he would equally have been entitled to a conveyance from the trustee. But no one would claim, in such a case, that he took either by devise or gift under the will, or by gift from the trustee. Whether the word "gift," as used in the statute, be taken in a technical or popular sense, it does not cover this case, since Alexander, Jun., took the legal estate independently of the will by virtue of his ownership of the equitable estate, just as a stranger would have done had he become the owner of it. In other words, he acquired the legal estate as a new estate, by purchase. The uncles of Alexander, Jun., contend, however, that William H. Taylor did not convey an estate by his deed, but only executed a power of appointment under the will, and, hence, that Alexander, Jun., took his estate under the will by virtue of the appointment, and not by purchase under the deed. We do not think this is so. The will contained no limitation of an estate in favor of Alexander, Jun., individually, or as one of a class, so as to leave to the trustee either a direction or discretion when to convey. If it had, undoubtedly the grantee in a deed from the trustee would take under the will by virtue of the limitation in his favor. Neither did the will indicate any intention to give a mere power of appointment. The trustee had no power of selection outside of the ownership of the equitable estate. The estate was devised to him in trust to hold, and in his discretion to convey. This discretion, at most, could only apply to the time and circumstances of the conveyance; and the decision in Taylor v.Taylor, 9 R.I. 119, was to this effect. It was also held in that case that the legal estate vested in the trustee, and was not taken out of him by the execution of the uses. We do not think it was *Page 178 
the intention of the will to vest anything less than a fee in the trustee. The separation of the legal and equitable estates, the power to appoint a successor, and the trust to convey, indicate that the trustee was to hold a fee. It is implied that the trustee, under a will, takes a legal estate sufficient for the purposes of the trust, whether the limitation be to him and his heirs or not. Perry on Trusts, § 312, and cases cited. Moreover, this point was made in the case of Taylor v. Taylor, supra,
where it seems to have been assumed, without the necessity of decision, that the legal estate was a fee. The trustee, then, had a legal estate, commensurate with and attendant upon the equitable estate. When the equitable estate was in a person suijuris, he could demand the legal estate of the trustee, as inTaylor v. Taylor, supra. The conveyance of the trustee, therefore, was not an execution of a power, operating out of the estate of the testator, but a conveyance of the estate in execution of a trust. If, then, Alexander, Jun., inheriting the equitable estate from his father, received the legal estate on that consideration and in execution of the trust, he became the owner of the entire estate neither by gift nor devise from the testator, nor by gift from the uncle. Upon the union of the two estates in him, the equitable by inheritance and thus ancestral, the legal by purchase and thus in him as a new stock of descent, the question comes, whether the descent is to follow the equitable or the legal title.
It is to be observed that the two estates did not come from the same person. Alexander, Sen., never had the legal title; but if anything could have descended from John Taylor it must have gone to him, for Alexander, Jun., was not the heir of his grandfather. Hence the rule followed in Wood v. Skelton, 6 Sim. 176, and in Buchanan v. Harrison, 1 Johns. H. 662, that an heir will not be held to take by devise what he would have taken by inheritance, does not apply. In this case the two titles come from distinct sources. In their devolution by the provisions of the will the ancestral character of the legal estate has not been preserved within the terms of the statute. If the legal estate controls, the descent is to the mother; if the equitable, to the uncles. Upon the authorities cited in the former opinion, no decisions to the contrary having been brought to our attention, we must adhere to the *Page 179 
conclusion that the legal estate controls. The following passage from Hopkinson v. Dumas, 42 N.H. 296, shows how the notion that the equitable estate should control arises. After citingGoodright v. Wells, Doug. 771, the court says: "It was there very learnedly argued that, before the statute of uses, the use was considered in most respects as the complete ownership of the land; that the estate of the feoffee was subservient to thecestui qui use, and the former could do nothing to defeat the interest of the latter unless by alienation for a valuable consideration without notice; that the statute of uses completed this subserviency by consolidating the legal estate with the use, or by merging the legal estate in the equitable; and that, by analogy to uses thus considered, trust estates had been and should be held to be the solid and substantial ownership of the land, and the trustee the mere instrument of conveyance; that where a party holds by two titles, the law considers him as taking by the best; that the trust estate, being the best, must control the legal estate. But the court held otherwise, deciding that the legal estate was the better title, and that the equitable title was merged the moment the two became united in the same person; that the legal drew after it the equitable estate, and that the latter was lost in the former." Accordingly the court in New Hampshire, following this and the cases cited in our former opinion, applied this rule to a case of dower.
There are dicta to the contrary of this rule, but we know of no case which has decided that, upon the union of the legal and equitable estates, the latter controls the descent.
The petition for rehearing is dismissed.
Decree accordingly. *Page 180